IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02288-DCN |
| vs. ) | |
| ) | **ORDER** |
| PAUL EDWARD MASHNI, PEM ) | |
| RESIDENTIAL LLC, PEM REAL ESTATE ) | |
| GROUP LLC, FINISH LINE FOUNDATION ) | |
| II INC., KIAWAH RIVER FARMS LLC, ) | |
| KIAWAH RIVER EXCAVATING & ) | |
| EARTHWORKS LLC, KRF XSL LLC, ) | |
| SC INVESTMENT HOLDINGS LLC, ) | |
| and SC INVESTMENT HOLDINS LLC, ) | |
| ) | |
| Defendants. ) | |

The following matter is before the court on plaintiff United States of America's ("the government") motion to dismiss defendants' counterclaim, ECF No. 9. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

The case arises out of alleged violations of the Clean Water Act ("CWA") by defendants. Defendant Paul Mashni ("Mashni") owns the corporate entity defendants. The complaint alleges that defendants own two parcels of property, the Legareville site and the Edenborough site, that contain and are adjacent to tributaries, wetlands, and rivers that constitute "waters of the United States," as defined by the CWA. The government alleges that defendants operated land-clearing, filling, grading, and other mechanized earthmoving construction equipment at the Legareville and Edenborough sites without

1

the required permit, resulting in the discharge of pollutants into the "waters of the United States" and therefore violating the CWA.

The government filed its complaint on August 17, 2018, asking the court to enjoin the defendants from further discharge of pollutants in violation of the CWA, compel defendants to restore the impacted waters and mitigate any damage, and assess and direct defendants to pay civil penalties for the violation. Defendants answered the complaint and filed a counterclaim seeking a declaration that the Legareville and Edenborough sites[1] "do not involve directly or indirectly waters of the United States" and that the sites are exempt from any CWA permitting requirements pursuant to the CWA's agricultural exemption. Counterclaim ¶ 2. Defendants also seek an injunction preventing the government form exercising jurisdiction over the Legareville and Edenborough sites. The government filed a motion to dismiss the counterclaim on November 26, 2018. ECF No. 9. On December 28, 2018, defendants responded and also sought leave to file an amended answer. ECF No. 14. The government replied on February 7, 2019. ECF No. 17. Defendants then wrote a letter that essentially constitutes a surreply on February 8, 2019. ECF No. 18. Defendants wrote another letter on March 8, 2019 asking the court to stay the case pending resolution of a proposed rule that will clarify the definition of "waters of the United States," ECF No. 20, to which the government did not consent.

---

[1] Defendants make this request with regard to "the 'Property' identified in [the government]'s complaint." Counterclaim ¶ 2. The complaint does not contain reference to "Property" but instead identifies the property at issue as the Legareville and Edenborough sites. As a result, the court interprets defendants' request to apply to the Legareville and Edenborough sites.

2

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

Defendants previously brought a case against the government before this court in June 2018, Finish Line Foundation II Inc. v. U.S. Army Corps of Engineers, No. 2:18-cv-

01727-DCN, in which defendants sought the same relief they currently seek in their counterclaim.[2]  There, the government sought to dismiss the complaint on the same grounds as it seeks to dismiss the counterclaim here.  The court held a hearing on the motion on October 18, 2019 and dismissed the case without prejudice with the understanding among the parties that defendants could bring their declaratory judgment action as a counterclaim in this enforcement action.

In this current action, the government argues that defendants' counterclaim should be dismissed because the counterclaim is barred by sovereign immunity.  Defendants brought their counterclaim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201–02 (the Declaratory Judgment Act), and 5 U.S.C. § 702 (the Administrative Procedure Act or "APA").  The government explains that the only statute that could provide a waiver of sovereign immunity is the APA, and the APA cannot be invoked here because there was no agency action that could be challenged under the APA.

It is well established that as a sovereign, the United States is immune from suit. United States v. Testan, 424 U.S. 392, 398 (1976).   As such, the federal government may not be sued unless Congress waives its immunity.  United States v. Mitchell, 463 U.S. 206, 212 (1983); Testan, 424 U.S. at 399.  "[S]ection 1331 'is not a general waiver of sovereign immunity. It merely establishes a subject matter that is within the competence of federal courts to entertain.'"  Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (citations omitted).  Similarly, the Declaratory Judgment Act, 28 U.S.C. §§ 2201– 02, does not waive sovereign immunity.  Friends of Dereef Park v. Nat'l Park Serv., 2015

---

[2] Defendants also previously alleged that the government violated defendants' procedural due process rights.  Defendants do not currently make this allegation in their counterclaim.

WL 12807800, at *9 (D.S.C. May 27, 2015); Stogsdill v. Sebelius, 2013 WL 521483, at *4 (D.S.C. Feb. 11, 2013) (citing Balistrieri v. United States, 303 F.2d 617, 619 (7th Cir. 1962)). Therefore, the only statute under which the government's sovereign immunity could be waived here is through the APA.

The APA provides a limited waiver of sovereign immunity when a person suffers "legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. As a result, the APA permits judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." Id. § 704. "'[A]gency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." Id. § 551(13). The definition "focuses on an agency's determination of rights and obligations, . . . whether by rule, order, license, sanction, relief, or similar action." Village of Bald Head Island v. U.S. Army Corps of Engineers, 714 F.3d 186, 193 (4th Cir. 2013). Therefore, the government's sovereign immunity is waived if defendants challenge a final agency action. The counterclaim does not explicitly allege an agency action, but the government interprets the following to be defendants' allegation of an agency action: "[b]y bringing its Complaint, Plaintiff has The Corps has [sic] made a final determination that Defendants' property contains jurisdictional waters which gives rise to 'direct and appreciable legal consequences.'" Counterclaim ¶ 15. In other words, the agency action is the government's filing of the instant enforcement action. The government argues that the filing of this enforcement action does not fall within the APA's definition of a final

5

agency action, and even assuming that it did, the APA does not apply to agency litigation decisions because litigation decisions are committed to agency discretion by law.

However, based on defendants' response to the motion to dismiss, the court need not determine whether the APA can be invoked here to waive the government's sovereign immunity. Defendants respond by explaining that they are not seeking a review of the decision to file the instant action, which would constitute the APA claim, but instead seek a declaratory judgment that they have not violated the CWA.[3] ECF No. 14 at 1. However, the court cannot grant this relief against the government, because the Declaratory Judgment Act does not waive the government's sovereign immunity. See Friends of Dereef Park, 2015 WL 12807800, at *9.

Defendants also explain that "in the interests of judicial efficiency, [they] do not oppose [the government]'s motion to dismiss, so long as it is without prejudice in order to permit the filing of the attached proposed Amended Answer and Affirmative Defenses." ECF No. 14 at 2. However, in the proposed amended answer, defendants appear to have simply renamed their counterclaim as an affirmative defense, as all of the content in the proposed affirmative defense section appears to be identical to the content of the counterclaim. Moreover, defendants cannot amend their answer to change their counterclaim to an affirmative defense, because the content of the counterclaim simply does not fall within the definition of an affirmative defense. As the government points out, "[a]n affirmative defense is the 'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all

---

[3] Defendants appear to abandon their request for an injunction preventing the government from exercising jurisdiction over their property.

allegations in the complaint are true." Emergency One, Inc. v. Am. Fire Eagle Engine Co., 332 F.3d 264, 271 (4th Cir. 2003) (emphasis added) (citations omitted). Here, defendants' proposed affirmative defense is simply a disagreement with the allegation in the complaint that they violated the CWA; therefore, it is not an affirmative defense. As such, the court denies defendants leave to file an amended answer.

As the government also points out, defendants have already denied the allegations that defendants violated the CWA. Answer ¶¶ 131, 146. Therefore, bringing a declaratory judgment counterclaim is unnecessary in order to deny any CWA allegations. Finally, in defendants' unauthorized surreply disguised as a letter, defendants argue that by dismissing the counterclaim but leaving defendants' original affirmative defense, the court would create an inconsistency in the record. Defendants' original affirmative defenses are (1) the complaint fails to state a claim for which relief can be granted; and (2) incorporation of the counterclaim allegations. With the dismissal of the counterclaim, there would be no counterclaim allegations to incorporate into the second affirmative defense. The court finds this to be an insufficient reason for the court to deny the motion to dismiss the counterclaim. The court also denies defendants' request to stay the case.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss the counterclaim and **DENIES** the motion to stay.

**AND IT IS SO ORDERED.**

                                    **DAVID C. NORTON**
                                    **UNITED STATES DISTRICT JUDGE**

**March 15, 2019**
**Charleston, South Carolina**