**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-2288-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| PAUL EDWARD MASHNI; PEM | ) | |
| RESIDENTIAL, LLC; PEM REAL ESTATE | ) | |
| GROUP, LLC; FINISH LINE FOUNDATION | ) | |
| II, INC.; KIAWAH RIVER FARMS, LLC; | ) | |
| KIAWAH RIVER EXCAVATING & | ) | |
| EARTHWORKS, LLC; KRF XSL, LLC; SC | ) | |
| INVESTMENT HOLDINGS, LLC; and SC | ) | |
| INVESTMENT HOLDINS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on non-party Charleston County Attorney's Office's (the "County") motion to quash and for a protective order, ECF No. 152. Defendants have subpoenaed Katherine J. Dahlheim ("Dahlheim"), an assistant county attorney for the County, to attend an upcoming deposition. The County objects to the subpoena on the grounds that it is overly broad, seeks information that is privileged and irrelevant, and subjects Dahlheim to undue burden and expense. The court disagrees.

Under Fed. R. Civ. P. 45, a party may compel a non-party's attendance to a deposition. Rule 45 also permits the subpoenaed non-party to quash or modify a subpoena where it, inter alia, "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26(b). <u>Cook v. Howard</u>, 484 F. App'x 805, 812 (4th Cir. 2012). Likewise, Fed. R. Civ.

1

P. 26(c) authorizes the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" by forbidding or limiting the scope of discovery. "The standard for issuance of a protective order is high," Wellin v. Wellin, 211 F. Supp. 3d 793, 800 (D.S.C. 2016), order clarified, 2017 WL 3620061 (D.S.C. Aug. 23, 2017), and the movant "bears the burden of establishing good cause," Slager v. Southern States Police Benevolent Association, Inc., 2016 WL 4123700, at *2 (D.S.C. Aug. 3, 2016). A motion for a protective order requires the court to "weigh the need for the information versus the harm in producing it." Id. (quoting A Helping Hand, LLC v. Baltimore Cty., Md., 295 F. Supp. 2d 585, 592 (D. Md. 2003). In determining whether to quash a subpoena or issue a protective order, as with most matters of discovery, the court wields broad discretion. Cook, 484 F. App'x at 812 (motions to quash); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (protective orders).

Dahlheim represented the County in a number of cases involving defendant Paul Edward Mashni and his corporations, including state prosecutions, that have since been settled. The County expresses in its motion to quash a belief that "defendants seek to [depose Dahlheim] to support their assertions that the prosecutions [by] both the County and the United States are . . . malicious[.]" ECF No. 152 at 6. In their response, defendants explain that the purpose of the deposition is especially narrow and not at all what the County purports it to be. Defendants do not intend to support a theory of malicious prosecution; instead the deposition will cover one topic: "communications between Ms. Dahlheim and James Choate of the Army Corps of Engineers," regarding the source of the government's theory that Mashni intended to develop the relevant land.

ECF No. 157 at 2.  Accordingly, defendants assure the court that "the scope of the deposition [will be] limited so as to avoid any attempted invasion of the attorney-client privilege[,] w[ill] take no more than approximately one hour[,] and w[ill] deal only with non-privileged communications with government officials on facts and documents relevant to the pending litigation."  Id.  After reviewing the parties' briefs, the court is confident that the subpoena, if narrowed in scope to the extent defendants guarantee, seeks information that is relevant, proportional, and non-privileged.[1]  Likewise, the subpoena does not subject Dahlheim to an undue burden.  Thus, the court **DENIES** the motion to quash and for protective order.

       **AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 13, 2021**
**Charleston, South Carolina**

---

[1] To the extent that a question during the deposition does seek privileged information, Dahlheim may of course object according to the procedure outlined in Fed. R. Civ. P. 30(c)(2).

3